## H. and A. Israelstam, trading as Grant Works Fair, Appellees, v. United States Casualty Company, Appellant.

## Gen. No. 20,862.

1. APPEAL AND ERROR, § 199*—*what is extent of jurisdiction of Appellate Court.* The Appellate Court has no authority to declare any act of the Legislature unconstitutional and void.

2. APPEAL AND ERROR, § 624*—*what cause not transferrable.* An appeal from a judgment entered in a fourth-class case in the Municipal Court cannot be transferred to the Supreme Court.

3. APPEAL AND ERROR, § 2*—*what is nature of right of appeal.* The right of appeal is strictly statutory and can only be prosecuted when and in the manner authorized by statute.

----

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Israelstam v. U. S. Casualty Co., 195 Ill. App. 120.

4. APPEAL AND ERROR, § 6*—*what is nature of writ of error.* A writ of error is regarded as a writ of right, requiring no statutory authorization to make it available.

5. APPEAL AND ERROR, § 38*—*what is purpose of statute giving Appellate Court jurisdiction.* The main purpose of section 8 of the Appellate Court Act (J. & A. ¶ 2968) was to give to the Appellate Courts jurisdiction over a certain class of cases of which the Supreme Court, prior to 1877, had jurisdiction, and it was not intended to confer any right of appeal in any case where that right did not already exist.

6. APPEAL AND ERROR, § 38*—*what statutes referred to appeals when Appellate Court was given jurisdiction.* At the time of the passage of the Appellate Court Act, the only "then existing law" that conferred any right of appeal was section 67 of the Practice Act of 1872, now section 91 of the Practice Act (J. & A. ¶ 8628).

7. MUNICIPAL COURT OF CHICAGO, § 10*—*what is nature of practice.* The jurisdiction and practice of the Municipal Court are essentially different from the jurisdiction and practice of city courts.

8. APPEAL AND ERROR, § 38*—*what is effect of statute as to appeals to Appellate Court.* · The clause in section 8 of the Appellate Court Act (J. & A. ¶ 2968), authorizing appeals to the Appellate Court from the judgments of city courts, was not intended to refer to any city court thereafter created unless such court when organized should be substantially of the same class or grade as the city courts then in existence.

9. MUNICIPAL COURT OF CHICAGO, §22*—*when appeal does not lie.* Neither section 8 of the Appellate Court Act (J. & A. ¶ 2968) nor any other statute gives any right of appeal to the Appellate Court from the judgments of the Municipal Court in fourth-class cases.

Appeal from the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Appeal dismissed. Opinion filed October 6, 1915.

MOSES, ROSENTHAL & KENNEDY, for appellant; WALTER BACHRACH, of counsel.

ROSE, SYMMES & KIRKLAND and JOHN L. FOGLE, for appellees.

MR. JUSTICE FITCH delivered the opinion of the court.

Appellees brought suit in the Municipal Court against appellant upon a burglary-insurance policy,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

claiming that merchandise valued at $999, covered by such insurance policy, had been stolen from their dry goods store. The suit was brought as a fourth-class case in contract. Upon a trial before the court without a jury, appellees recovered a judgment for $839.16, whereupon appellant prayed for and was allowed an appeal to this court upon filing a bond for $1,200, which was filed and approved by the trial court. After the filing of the transcript of the record in this court, appellees moved to dismiss the appeal upon the ground that there is no statute authorizing an appeal (as distinguished from a writ of error) in such cases.

In support of the motion, appellees cite section 23 of the Municipal Court Act (J. & A. ¶ 3335) which, so far as it bears upon the present motion, reads as follows: "That the final orders and judgments of the Municipal Court in cases of the fourth class * * * shall be reviewed *by writ of error only."* Appellees claim that this is the only provision of any statute in this State which authorizes any court to review the final judgments of the Municipal Court in fourth-class cases, and therefore contend that this court is without jurisdiction to entertain the present appeal. To this, appellant replies that the right of appeal to this court from the final judgments of the Municipal Courts in such cases is not dependent upon the Municipal Court Act, but is given by section 8 of the Appellate Court Act (J. & A. ¶ 2968), and reaffirmed by sections 91 and 118 of the present Practice Act (J. & A. ¶¶ 8628, 8655), and that if the above quoted provision of section 23 of the Municipal Court Act is to be given its literal meaning, it violates section 29 of article VI of the Constitution by destroying the uniform operation of the laws relating to the jurisdiction of this court, and is therefore void and of no effect.

It has been repeatedly held that this court has no authority to declare any act of the Legislature unconstitutional and void. Where the validity of a statute is

questioned for the first time in this court, we must take the law as we find it upon the statute books, unless it is a proper case to be transferred to the Supreme Court for decision, or unless the Supreme Court has already declared the statute in question unconstitutional, in which latter case it is our duty to follow the law as laid down by the Supreme Court. If an *appeal* lies in this case to any court, it was properly brought to this court. Hence, it cannot be transferred to the Supreme Court. Nor has the particular portion of section 23 above quoted ever been held to be unconstitutional, although most of the rest of that section has been. If, therefore, it be true that there is no statute authorizing an appeal to this court in such cases, then it is our duty, as we view it, to give effect to that portion of section 23 above quoted, even if we should be of the opinion that it is unconstitutional.

The right of appeal is strictly a statutory one. It has no existence apart from the statute, and can only be prosecuted when and in the manner authorized by statute. *Tedrick v. Wells,* 152 Ill. 214, 217; *Haines v. People,* 97 Ill. 161; *Hesing v. Attorney General,* 104 Ill. 292, 295; *Steger v. Steger,* 165 Ill. 579, 581; *Keokuk & H. Bridge Co. v. People,* 185 Ill. 276.

A writ of error, on the other hand, is regarded in this State as a writ of right, requiring no statutory authorization to make it available. In *Haines v. People,* 97 Ill. 161, our Supreme Court, after a review of the decisions in this State, upon the subject of the right to sue out writs of error, said: "From this review of the authorities it is clear that a writ of error lies in this State from either this court or the Appellate Court to all inferior courts of record, for the purpose of reviewing their final determinations in all cases involving property rights or personal liberty, where no appeal is given from such inferior court of record to some intermediate court or to this court. And furthermore, that this right exists independently of any statu-

tory or constitutional provisions, by force of the common law, in all cases in which the jurisdiction of such inferior court is exercised according to the course of the common law. And in the latter class of cases the writ lies to the Circuit Courts, whether an appeal is given or not. Where an appeal is given it is to be regarded as merely cumulative."

Keeping clearly in mind this distinction between the right of appeal and the right to sue out a writ of error, viz., that the former is purely a statutory right, while the latter exists independently of the statutes, it manifestly becomes necessary to examine the several statutes purporting to give a right of appeal to this court—since that is the right claimed in this case—in order to ascertain to what extent and in what cases that right has been granted in this State. For a clearer understanding of such statutes, a brief reference to certain constitutional provisions is also necessary. These constitutional provisions are contained in article VI of the Constitution of 1870. Section 1 of that article provides that the judicial powers of the State, except as by that article is otherwise provided, shall be vested in one Supreme Court, Circuit Courts, County Courts, justices of the peace, police magistrates, "and such courts as may be created by law in and for cities and incorporated towns." Section 2 provides that the Supreme Court shall have original jurisdiction in cases relating to the revenue, in *mandamus* and *habeas corpus,* "and appellate jurisdiction in all other cases." Section 11 provides that after the year 1874, Appellate Courts of uniform organization and jurisdiction may be created in districts formed for that purpose, "to which such appeals and writs of error as the general assembly may provide, may be prosecuted from Circuit and other courts." Section 12 provides that the Circuit Courts shall have original jurisdiction "of all causes in law and equity."

In pursuance of the provisions above mentioned contained in section 11 of article VI of the Constitution, the Legislature passed an act in 1877 establishing Appellate Courts. Section 8 of that Act (J. & A. ¶ 2968), as originally enacted, so far as it affects the present contentions, was as follows: "The said Appellate Courts created by this act shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal, or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the Superior Court of Cook County, or from the city courts in any suit or proceeding at law or in chancery, other than criminal cases, and cases involving a franchise or freehold or the validity of a statute. Appeals and writs of error shall lie from the final orders, judgments or decrees of the circuit and city courts, and from the Superior Court of Cook county directly to the Supreme court, in all criminal cases and in cases involving a franchise or freehold or the validity of a statute."

It is apparent from this language that the main purpose of section 8 of the Appellate Court Act was to give to the Appellate Courts jurisdiction over a certain class of cases of which the Supreme Court, prior to 1877, had jurisdiction; that is, to divide the jurisdiction then exercised solely by the Supreme Court so that certain cases formerly reviewable by the Supreme Court could thereafter be reviewed by the Appellate Court. It was not intended by that section to confer any right of appeal in any case where that right did not already exist, but merely to prescribe what appeals and what writs of error, *prosecuted under laws then existing,* should be heard by the Appellate Court instead of by the Supreme Court. That such was the purpose and effect of that section was declared by the Supreme Court in the case of *Ingraham v. People,* 94 Ill. 428. In that case an appeal was taken to the Supreme Court in a criminal case, and the question

arose whether section 8 of the Appellate Court Act or section 88 of the Practice Act (J. & A. ¶ 8625) then in force (which contained similar language) authorized *an appeal* in a criminal case. The Supreme Court dismissed the appeal, saying: "We do not construe those sections as *giving a right of appeal* in a criminal case, but only as allowing appeals and writs of error to this court in those several enumerated cases, according as appeals and writs of error lay in said cases, respectively, *under the then existing laws.*    \*    \*    \* They were provisions *merely regulating* appeals and writs of error as between the Appellate and Supreme Courts, prescribing to which particular court they were to be taken. *It was not the purpose to give a new right of appeal in any case in which an appeal had not before been given.*" (Italics ours.)

What, then, were "the existing laws" upon the subject of appeals that were in force in 1877?

Section 67 of the Practice Act of 1872 provided that "Appeals from all circuit courts and from the superior court of Cook county, may be taken to the supreme court from all final judgments, decrees and orders: *Provided,* such appeals shall be prayed for and allowed at the term at which the judgment, decree or order was rendered; *And, provided,* the party praying for such appeal shall, within such time, not less than twenty days, as shall be limited by the court, give, and file in the office of the clerk of the court from which the appeal is prayed, bond, in a reasonable amount to secure the adverse party, to be fixed by the court, with sufficient security to be approved by the court." (Rev. St. 1874, ch. 110, sec. 67.)

In 1874, an act was passed entitled: "An act in relation to courts of record in cities" (Rev. St. 1874, ch. 37, p. 345), which, with some changes that are not pertinent to the present inquiry, was re-enacted in 1901 (Hurd's St. 1912, ch. 37, p. 704, J. & A. ¶ 3289 *et seq.*). Section 1 of that act provided that such courts

should have "concurrent jurisdiction with the circuit courts within the city in which the same may be, in all civil cases   *   *   *   and the course of proceedings and practice in such courts shall be the same as in the Circuit Courts, so far as may be." Section 18 (which is the same as section 18 of the present City Court Act) provided that "appeals may be taken and writs of error prosecuted from city courts to the Supreme Court *the same as in like cases from circuit courts.*"

By an amendment passed in 1877 to the Practice Act of 1872, the first paragraph of section 67 of that Act was made to read as follows: "Appeals from and writs of error to all Circuit Courts, the Superior Court of Cook County *and city courts, and from other courts from which such appeals and writs of error may be allowed by law,* may be taken to the Appellate Courts from all final judgments, orders and decrees, except as hereinafter stated." The exception thus referred to was contained in section 88 of the same Act, the first paragraph of which, as amended by the Act of 1877, was as follows: "Appeals from and writs of error to Circuit Courts, and the superior courts of Cook county, and city courts, in all criminal cases and cases in which a franchise or freehold, or the validity of a statute is involved, shall be taken directly to the Supreme Court in case the party appealing or prosecuting such writ of error shall so elect, excepting in cases of chancery." This portion of said section 88 was further amended in 1879, so as to read as follows: "Appeals from and writs of error to circuit courts, the superior court of Cook county, the criminal court of Cook county, county courts and city courts in all criminal cases, below the grade of felony, shall be taken directly to the appellate court, and in all criminal cases above the grade of misdemeanors and cases in which a franchise or freehold or the validity of a statute or construction of the constitution is involved, and in all cases relating to revenue or in which the

State is interested as a party or otherwise, shall be taken directly to the Supreme Court.'' It was this section, as thus amended, that was before the Supreme Court in the *Ingraham* case, *supra,* in which case, as above stated, it was held that neither section 8 of the Appellate Court Act nor said section 88, as amended in 1879, was intended to give any new right of appeal where none existed before, but both sections were intended merely to regulate such appeals and writs of error as could be prosecuted *''under the then existing laws.''* Said section 88, with certain changes not affecting the present question, was re-enacted in the revision of the Practice Act in 1907, which is now in force.

In addition to the right of appeal conferred by section 67 of the Practice Act of 1872, as amended in 1877, above quoted, there were also in force at the time the Appellate Court Act was passed, divers special statutory provisions authorizing appeals to the Supreme Court in certain special proceedings (such as condemnation proceedings, drainage cases, attachment cases, forcible detainer cases, special assessment proceedings, and others), which it is unnecessary to set forth in this opinion, as none of such special provisions has any bearing upon the question here involved, further than to show that it has always been the practice of the Legislature to grant the right of appeal *in express terms* whenever that right, as distinguished from the common-law right to prosecute a writ of error, was intended to be given.

In 1887, section 8 of the Appellate Court Act was amended by inserting therein after the words ''Superior Court of Cook County,'' the words ''or county courts,'' and after the words ''other than criminal cases,'' the words ''not misdemeanors.'' The addition of these words is of no importance in this inquiry, as the right of appeal from the judgments of

county courts, and in cases of misdemeanors, is not here involved.

In 1907, the Practice Act of 1872 was revised, and by that revision, section 67 of the Act of 1872 was rewritten and is now embodied in section 91 of the present Practice Act. Said section 91 is as follows: "Appeals shall lie to and writs of error from the appellate or supreme courts *as may be allowed by law,* to review the final judgments, orders or decrees of any of the circuit courts, the superior court of Cook county, the county courts or the city courts and other courts from which appeals and to which writs of error may be allowed by law, in any suit or proceeding at law or in chancery. Appeals or writs of error in this section allowed shall be subject to the limitations by this Act provided and to the conditions imposed by law" (5 J. & A. ¶ 8628). This language does not differ, in any essential particular, from that of section 67 of the Practice Act of 1872, as amended in 1877. Section 88 of the prior Practice Act became section 118 in the revision of 1907 (J. & A. ¶ 8625), and that part of that section which is material to the question before us is identical with section 88 as amended in 1879, hereinabove quoted.

In *Damon v. Barker,* 239 Ill. 637, it was held that section 118 of the present Practice Act *does not give any right of appeal in any case,* but merely directs to what court appeals shall be prosecuted when authorized by other sections of the statute, thereby following the previous decision, as to that section in *Ingraham v. People, supra.* This ruling was followed in *Myers v. Newcomb Drainage Dist.,* 245 Ill. 140. In the opinion filed in the *Damon* case, *supra,* the Supreme Court used some language from which it might appear that section 91 of the Practice Act of 1907 is the only statute now in force giving the right of appeal, but in the latter case, this language was qualified in the following manner, viz.: "The right of appeal or writ of error, *in so*

*far as the right is granted by the Practice Act,* is con-
erred by section 91 of the act."

From this review of the statutory provisions that
were in force at the time the Appellate Court Act was
passed, it will appear that the only "then existing
law" that *conferred* any right of appeal, as distin-
guished from the right to sue out a writ of error, to
review the final judgments of inferior courts in ordi-
nary actions at law, was the provision in section 67 of
the Practice Act of 1872, as amended in 1877, above
quoted, and which has now become section 91 of the
present Practice Act. By that section, the right of
appeal was and is limited to appeals from the final
judgments, orders and decrees of Circuit Courts, the
Superior Court of Cook county, city courts and "other
courts from which such appeals may be allowed by
law."

Appellant does not claim that there is or ever was a
statute which, in express terms, purported to give any
right of appeal to this court from the judgments of
the Municipal Court in fourth-class cases, but contends
that the words "city court," as used in the acts above
mentioned, and especially as used in section 8 of the
Appellate Court Act, includes the Municipal Court of
Chicago. It is true that it has been held that the
Municipal Court of Chicago is one of the courts which
section 1 of article VI of the Constitution provides
may be created by law in and for cities and incorpo-
rated towns (*People v. Olson,* 245 Ill. 288). But the
Municipal Court was not organized under the City
Court Act above mentioned, and the jurisdiction and
practice of the Municipal Court are essentially differ-
ent from the jurisdiction and practice of city courts
organized under the City Court Act. Manifestly, if, as
was held in *Ingraham v. People, supra,* section 8 of
the Appellate Court Act was not intended to give any
right of appeal that had not been given before that act
was passed, then the clause in that section which

authorizes appeals to this court from the judgments of city courts could not have been intended to refer to any city court thereafter created, unless such court, when organized, should be substantially of the same class or grade as the city courts then in existence. That the Municipal Court of Chicago is wholly unlike the city courts referred to in section 8 of the Appellate Court seems too clear for argument.

In *Lott v. Davis,* 264 Ill. 272, it was said: "If the Municipal Court is considered in its entirety it is impossible to assign to it a place identical with the grade or class of any other court which now exists or ever has existed. The court goes under the generic name of a city court, but it belongs to a specific class different from the city courts created under the general City Court Act, and is created, not as a part of the judicial department of the State at large, but as a local court of the city for the purpose of administering the law within the city." In the same case, the similarity that exists between the jurisdiction and practice of the Municipal Court in fourth-class cases and the jurisdiction and practice that formerly obtained before the police magistrates and justices of the peace of the city of Chicago is pointed out, and it was held, for that reason, that in the exercise of its jurisdiction in fourth-class cases, the Municipal Court of Chicago is not a court of the same class or grade as the Circuit Court. By the same reasoning it necessarily follows that in the exercise of its jurisdiction in fourth-class cases, the Municipal Court is not a court of the same class or grade as city courts organized under the general City Court Act; for the City Court Act provides that city courts organized thereunder shall have "concurrent jurisdiction with the Circuit Courts" within the cities in which they are organized, and that the practice in such courts shall be the same as in the Circuit Courts.

We presume that no one would contend that an appeal from a judgment of a police magistrate is in the same category or must be treated by the Legislature in the same manner as an appeal from a judgment of a city court in a similar case, even though the amount involved in each was identical; nor would it be seriously contended, we think, that an appeal from a judgment of a justice of the peace in an action *ex contractu* could be taken to the Appellate Court under any law that has ever been passed in this State, even though the right of appeal to this court from the final judgments of a Circuit Court or city court in precisely the same kind of a case is conferred by existing laws. The character of the jurisdiction that is vested in the Municipal Court of Chicago in fourth-class cases, and the manner in which such cases are instituted and carried on in that court, would seem to be quite as sufficient a reason for placing such cases in a class by themselves, so far as the right of appeal to this court is concerned, as the manner in which the same kind of suits were formerly instituted and carried on before the justices of the peace of the city of Chicago, whose jurisdiction is now exercised by the Municipal Court. If the Legislature had seen fit to authorize appeals from the judgments of the Municipal Court in fourth-class cases to the Circuit Court, it would have dealt with such cases in precisely the same manner as it had previously dealt with cases of the same character in the justices' courts. It saw fit, however, to provide that the final judgments of that court in such cases may be reviewed by writ of error from this court.

Since, as we think we have shown above, the only statutes which authorize appeals to this court from the judgments of city courts refer to courts whose jurisdiction and practice are radically different from that of the Municipal Court of Chicago, it would seem to follow that such statutes can have no proper application to appeals from the judgments of the Municipal

Court of Chicago in fourth-class cases; and since there are no such cases in city courts organized under the general City Court Act as fourth-class cases, that is, as the cases so denominated in the Municipal Court of Chicago are instituted and carried on in city courts in an entirely different manner, we are at a loss to see how the mere fact that the Legislature has seen fit to recognize this distinction, by providing that the judgments of the Municipal Court in fourth-class cases shall be reviewed in this court by writ of error only, affects the uniformity of the jurisdiction and practice of this court.

Our conclusion upon the whole question presented by this motion is that neither section 8 of the Appellate Court Act, nor any other statute in this State in force at this time, gives any right of appeal to this court from the judgments of the Municipal Court in fourth-class cases. The motion to dismiss the appeal will therefore be allowed.

*Appeal dismissed.*