Mary Griffin, Appellant, v. City of Chicago et al.,
Chicago Park District, Appellee.

Gen. No. 41,928.

Opinion filed January 6, 1943.  Rehearing denied January 20, 1943.

Henry Mitgang, of Chicago, for appellant; Arthur A. Wolfinsohn, of Chicago, of counsel.

John O. Rees, of Chicago, for appellee; Philip A. Lozowick and Martin G. Loeff, both of Chicago, of counsel.

Richard J. Finn and Peter Fitzpatrick, both of Chicago, *amicus curiae.*

Mr. Justice Kiley delivered the opinion of the court.

This is an appeal from a judgment for defendant in a personal injury action, notwithstanding a verdict for plaintiff of $1,500. The City was dismissed as defendant because the place of the accident is under the jurisdiction and control of the Park District. It is stipulated that plaintiff was injured at night on Ashland Boulevard just south of Madison street in Chicago, when her foot was caught in a broken sidewalk. The question is whether the Park District, as a matter of law, is liable for negligence of its employees in failing to keep the sidewalk in repair.

The Supreme Court in *LePitre v. Chicago Park District,* 374 Ill. 184, decided that maintenance of park boulevards is a governmental function, for negligent performance of which no liability attaches to the District. Ashland Boulevard is part of the park system, its sidewalks are part of the boulevard (*City of Chicago v. O'Brien,* 111 Ill. 532), and it follows, their maintenance is a governmental function, for the negligent performance of which the District is not liable. This conclusion admits difficulty, for had plaintiff suffered a like injury just around the corner on Madison street, she would have avoided the rule, but so would LePitre had he turned from the Outer Drive on to a City street and been injured there. The difference in the creation or organization of the District and its predecessors does not affect the rule. The people of Chicago accepted the State's offer to delegate this governmental function and thereby accepted the principle that any damage from negligence in performance of the function is outweighed by the general good. We are bound to hold that Ashland Boulevard sidewalks are primarily for pedestrians walking from park to park in pursuit of health and recreation. To decide that maintenance of the boulevard is a governmental function and of its sidewalks a proprietary function would aggravate the difficulty.

Judgment of the superior court is, accordingly, affirmed.

*Judgment affirmed.*

Burke, P. J., and Hebel, J., concur.