William L. Cates, Administrator of Estate of Vera Cates, Deceased et al., Appellants, v. City of Bloomington et al., Appellees.

Gen. No. 9,551.

Opinion filed October 29, 1947. Rehearing denied February 3, 1948. Released for publication February 5, 1948.

BRANSON WRIGHT, of Bloomington, for appellants.

RICHARD M. O'CONNELL, Bloomington City Attorney, for appellee.

COSTIGAN, WOLLRAB & YODER, of Bloomington, for certain appellees.

MR. JUSTICE HAYES delivered the opinion of the court.

Vera Cates and Forrest Cates, minors, drowned when a boat in which they were riding on Lake Bloomington sank. The administrator of their estates filed suit in the circuit court of McLean county against the City of Bloomington, and Harold Sims and Catherine Sims, employees of the city. The defendants filed motions to strike plaintiff's amended complaint and to dismiss the action, which were allowed by the court. Plaintiff has appealed to this court.

Plaintiff's amended complaint alleged among other things that the City of Bloomington owned land acquired by it in 1931 for waterworks purposes and maintained on said land a body of water called Lake Bloomington; that the city owned a certain rowboat which was rented to the plaintiff's intestates; that Harold and Catherine Sims had custody of the rowboat which was one of several owned by the city; that the rowboat was "antiquated, unsafe and unstable;" that said boat did not have sufficient buoyancy and stability or sufficient freeboard when occupied to enable it to withstand large waves created by the action of the wind, which waves were augmented by the operation of power boats licensed by the city to operate on the lake.

Defendants' motion to strike alleged that the amended complaint showed on its face that plaintiff's intestates died while patronizing a municipal park maintained by the city in its governmental capacity; that where such a situation exists the city and its employees are not liable to respond in civil damages.

The circuit court in its opinion stated that there was no statute making a city liable for the specific type of negligence of its employees alleged in the complaint; that it appeared that the City of Bloomington was operating Lake Bloomington as a recreational facility

for the public at large; that this was a governmental function and that neither the city nor its employees were liable for damages.

The practice of characterizing municipal functions as either governmental or proprietary and immunizing municipalities from liability for torts except those attributable to the latter type of activity has long been established in this country. The courts of this State while recognizing this dichotomy have nevertheless pointed out repeatedly the difficulty of assigning the many functions of a modern city to one or the other of these classifications. *Wasilevitsky v. City of Chicago,* 280 Ill. App. 531; *F. A. Bedtke v. City of Chicago,* 240 Ill. App. 493. It is clear however that the establishment, maintenance and operation of parks and recreational facilities by a municipality are governmental functions. *Prickett v. City of Hillsboro,* 323 Ill. App. 235; *Gebhardt v. Village of LaGrange Park,* 354 Ill. 234.

The circuit court in this case assumed that the complaint alleged that the City of Bloomington was operating a recreational facility on Lake Bloomington. This was error plaintiff contends. An examination of the complaint shows that there are allegations that the city maintains Lake Bloomington for water supplies that the city owns and rents rowboats for persons who apply for them for use on the lake and collects fees therefor and that the city licenses the operation of power boats on the lake. There is no allegation that the lake is used for recreational purposes. While it is true as defendants suggests that a pleading is to be construed most strongly against the pleader, *Woods v. First Nat. Bank,* 314 Ill. App. 340; we do not find any allegations in the complaint which fairly justify the inference that Lake Bloomington is operated by the city for recreational purposes. It may develop from the evidence at a trial that such is the case but this we cannot assume. Plaintiff has

alleged that the lake is a part of the waterworks system of the City of Bloomington and this defendant necessarily admits by its motion. The mere fact that it operates boats on the lake does not compel the conclusion that these boats are used for recreational purposes.

The judgment of the circuit court of McLean county is reversed and the cause is remanded to that court with directions to overrule defendant's motion to strike.

*Reversed and remanded with directions.*