Alfred E. Lythell, Administrator of Estate of Lawrence Alfred Lythell, Deceased, Appellee, v. City of Waverly, Appellant.

Gen. No. 9,614.

Opinion filed October 29, 1948. Released for publication November 24, 1948.

PAUL FENSTERMAKER and BELLATTI, ARNOLD & FAY, all of Jacksonville, for appellant.

WILSON & WRIGHT, of Jacksonville, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This is an appeal from a judgment rendered in the circuit court of Morgan county, for the sum of $2,750, in favor of the plaintiff, Alfred E. Lythell, as administrator of the estate of Lawrence Alfred Lythell, deceased, against the City of Waverly, a municipal corporation of the State of Illinois. The deceased was playing marbles in a public park in the City of Waverly, when a large limb of a tree fell and struck and killed him.

The main issue on this appeal is whether or not the place in which the deceased was killed was controlled by the City in its governmental capacity or whether it was controlled by the City in its proprietary capacity. If it was controlled by the City in its governmental capacity, the City is not liable.

The evidence proved that in 1836 a plat was prepared and filed in the office of the recorder of deeds, and the area in question was platted as a public square. The plat indicated that through the square ran a street known as Temple street. The base of the tree was located five feet north of the south line of Temple street but the boy's body was found 13 feet south of this south line. However, it was undisputed that Temple street had never been opened or used as a street by the public, and there were no physical facts to show the existence of a street at the point in question. From the picture introduced into evidence, there was nothing to indicate that a street existed at this place.

The witness, Guy Martin, testified that it was a large park, about two blocks square, and that it contained a lot of trees, large trees, a band stand, picnic tables and a furnace.

The witness, M. H. Williams, testified that it was a city park or public square; that it was used for public meetings, picnics, playgrounds, school band concerts, church revival services, and that it contained num-

erous picnic tables and benches, and an outdoor furnace for the preparing of meals.

The witness, Edgar R. Criswell, testified that it was a public square or park, used for political meetings and picnicking.

The witness, P. W. Wemple, testified that it was a park containing many trees; that school children played there, political rallies, church ice cream socials and Fourth of July celebrations were held there.

These undisputed facts prove that this was a public park, and that this area was set aside and used by the City for the public benefit. The maintenance of parks is a purely governmental function, and a municipal corporation is not liable for the negligence of its employees in the discharge of their duties in maintaining the park. (*Gebhardt v. Village of LaGrange Park,* 354 Ill. 234; *LePitre v. Chicago Park District,* 374 Ill. 184; *Griffin v. City of Chicago,* 317 Ill. App. 368; *Prickett v. City of Hillsboro,* 323 Ill. App. 235. See *Cates v. City of Bloomington,* 333 Ill. App. 189.)

The rationale of all of these decisions is that if the area in question is used for the public benefit, and is used to promote the public health, comfort and recreation, there is no cause of action in a case of this kind against the municipal corporation controlling the same. Appellee urges that some of these decisions are concerned with park districts and statutory authorities, but it is not the type of organization that is of importance, but the question as to whether or not it is performing a governmental function in the interests of the general public, and for the public benefit, or whether it is engaged in a purely corporate undertaking for profit, or for the private benefit of the municipal corporation.

The testimony set out indicates clearly that this area was used for the general welfare of the pub-

lic, and owned and controlled by the City in its governmental capacity.

The erection of a water tower in one corner of the park, in 1938, in no way affected the public's use or enjoyment of the park, and did not change the general character of the area.

The Supreme Court refused to allow a recovery in the case of *LePitre v. Chicago Park District, supra,* where a motorist ran into an unlighted pillar at night, in the middle of the Outer Drive in the City of Chicago, which is one of the roadways in the park system. This is a much stronger case for the allowance of a recovery than the present case, but the court held that the land was held primarily for the recreation, health and benefit of the public, and that there is no distinction between those persons who drive automobiles on it for business, and those who go through to view the drive, the lake and the beauty of the park, and that the park system was not liable.

The case of *Gebhardt v. Village of LaGrange Park, supra,* is generally recognized as the leading case on this subject. In that case, our Supreme Court held that the village was not liable for the negligence of its servants in maintaining a swimming pool. The court said on page 237:

"There is substantial contrariety of opinion in courts of last resort in this country on the question whether the maintenance of parks and playgrounds, swimming pools, and the like, is a governmental function. Among those holding that it is not, are Colorado, Missouri, New York, Pennsylvania and West Virginia. . . . Among those States holding that the maintenance of parks and playgrounds is a governmental function, are California, Kansas, Georgia, Kentucky, Massachusetts, Michigan, Minnesota, Nebraska, New Jersey, Rhode Island, Connecticut, Tennessee, Washington, Wisconsin and Iowa. . . .

"The principle upon which freedom from liability for damages occasioned by the servants of a municipality is based, rests, in turn, on the fact that the duty of the municipality is owed to the public, and though the neglect causing the injury may prove of damage to the individual affected, the benefit of the discharge of such function to the public generally is deemed an outweighing consideration and so justifies immunity to the municipality."

And at page 239:

"Among the aims of government are those to foster and promote health, comfort, recreation and sanitary conditions for the public, and unless specifically limited to certain classes of persons or to citizens of the village itself such benefit extends to the public generally. The officers appointed by the village under the authority of the statute are officers of that municipality charged with the duty to thus promote the general welfare. To attain such an object is one of the primary purposes of government."

Plaintiff admits that if the function of maintaining the area in question is governmental, the defendant is not liable, but states that the trend is in favor of imposing liability. We see no such trend. Indeed, the most recent cases have held the municipalities not liable. The *LePitre* case was decided in 1940; the *Griffin* case in 1943; the *Prickett* case in 1944, and the *Cates* case in 1948. The *Cates* and *Prickett* cases were decisions in this very district in which we recognized the principle that the maintenance of a park by a municipality is a governmental function.

The evidence shows that through the years, the people of Waverly have enjoyed great benefits from this public park. Under the established decisions of this State, the City is not liable.

In view of our decision on this issue, it is unnecessary to consider the other errors assigned.

The trial court erred in not granting defendant's motion for a directed verdict at the close of all the evidence, and the final judgment appealed from is hereby reversed.

*Judgment reversed.*