(No. 4122—

KATHRYN E. CARLON, Claimant, *vs.* STATE OF ILLINOIS. Respondent.

*Opinion filed March 24, 1949.*

*Petition of Claimant for Rehearing denied June 17, 1949.*

HERBERT J. DEANY AND MISS ANNE G. CARTER, Attorneys for Claimant.

HON. IVAN A. ELLIOTT, Attorney General, and HON. WILLIAM J. COLOHAN and HON. JAMES C. MURRAY, Assistant Attorneys General, for Respondent.

ECKERT, C. J.

The claimant, Kathryn E. Carlon, on October 6, 1948, filed her complaint in this cause alleging that on October

8, 1946, the City of Chicago, a municipal corporation, had within its corporate limits in Cook County, Illinois, possession, supervision and control of the north sidewalk of East 57th Street in front of a store building known and designated as number 1544 East 57th Street, Chicago, Illinois; that the respondent, through its agency, the Chicago Park District, in conjunction with the City of Chicago, or otherwise, exercised some control, the exact nature of which was unknown to claimant, over the public sidewalk at that location; that it was the duty of the respondent to exercise ordinary care to keep this sidewalk in a reasonably safe condition; that respondent negligently permitted this sidewalk to become and remain in a broken and unsafe condition; that because of the negligence of the respondent, and while claimant was in the exercise of due care for her own safety, and while she was walking as a pedestrian upon this sidewalk, she unavoidably stumbled and fell, sustaining serious injuries. She seeks damages in the amount of $2,500.00.

From the public records which claimant introduced at the hearing before Commissioner Blumenthal, it appears conclusively that the Chicago Park District has the ownership, possession, operation and control of the sidewalk in question. In addition to these public records, considerable evidence was offered by claimant describing the condition of the sidewalk, her fall, and the ensuing injuries. Since the controlling question is legal, rather than factual, it is not necessary to detail this evidence.

The Chicago Park District is a municipal corporation with power to sue and to be sued. The cause of action in this case is based upon its alleged negligence. The State of Illinois is precluded from assuming liability for a claim against such a municipal corporation. Article IV, Section 20 of the Constitution of 1870, provides:

"The State shall never pay, assume or become responsible for the debts or liabilities of, or in any manner, give, loan or extend its credit to or in aid of any public or other corporation, association or individual."

Claimant's theory that municipal corporations and other governmental entities are such agencies and arms of the State, that the State is responsible for claims against them, has been presented to this Court upon many occasions. The Court, however, has consistently held that it has no jurisdiction to hear and determine such claims, and that the State has no responsibility for the debts or liabilities of such bodies. *Jones* vs. *State,* 10 C.C.R. 104; *Monaco et al.* vs. *State,* 9 C.C.R. 90; *Price* vs. *State,* 8 C.C.R. 85.

The Court of Claims Act of 1945 (Chap. 37, Par. 439.8, Illinois Revised Statutes, 1945) does not extend the jurisdiction of this Court to include suits against municipal corporations. *Smith* vs. *State,* 16 C.C.R. 208.

The case of *LePitre* vs. *Chicago Park District,* 374 Ill. 184, upon which claimant relies, in no way sustains claimant's allegation that the Chicago Park District is an agency of the State. In that case, the Supreme Court held that although park districts are municipal corporations, the powers given the commissioners of the Chicago Park District to construct and maintain drives, and to have general control and management of parks, are in the interests of establishing and maintaining a park for public use, and not in the promotion of purely corporate purposes. The Court held that in the creation and maintenance of the Outer Drive, in the City of Chicago, through Grant and Burnham parks, the commissioners were rendering a governmental service, and as such were not liable for negligence. The trial court's decision was based upon the rule which exempts municipalities from liability from the negligent acts of its servants when

the negligent acts complained of arise out of the performance of a duty the municipality owes to the public. The Supreme Court stated: "The propriety of the application of such rule to the facts is the principal question presented on this appeal". And the Court found the rule applicable. There is nothing in that decision which in any way conflicts with the decision in *Smith* vs. *State, supra.*

Claimant contends that "no logical basis exists for extending the protection of the Court of Claims Act to claims against the State for the negligent acts of its agents in maintaining State highways beyond corporate limits in reasonably proper and safe condition for travel, and denying the same to claimants injured on similar highways which fall within the jurisdiction of agencies designated by the State to perform such governmental functions". Such a construction of the Act, claimant believes, is an arbitrary classification subject to attack on constitutional grounds. The Appellate Court of Illinois, however, in a case cited by claimant (*Griffin* vs. *City of Chicago*, 317 Ill. App. 368, 369), stated:

"The Supreme Court in *LeFitre* v. *Chicago Park District*, 374 Ill. 184, decided that maintenance of park boulevards is a governmental function, for negligent performance of which no liability attaches to the district. Ashland Boulevard is part of the park system, its sidewalks are part of the boulevard (*City of Chicago* v. *O'Brien*, 111 Ill. 532), and it follows, their maintenance is a governmental function, for the negligent performance of which the district is not liable. This conclusion admits difficulty, for had plaintiff suffered a like injury just around the corner on Madison Street, she would have avoided the rule, but so would LeFitre had he turned from the Outer Drive on to a city street and been injured there. The difference is the creation or organization of the district and its predecessors does not affect the rule. The people of Chicago accepted the State's offer to delegate this governmental function and thereby accepted the principle that any damage from negligence in performance of the function is outweighed by the general good. We are bound to hold that Ashland Boulevard sidewalks are primarily for pedestrians walking from park to park in pursuit of health and recreation. To decide that maintenance of the boulevard is

a governmental function and of its sidewalks a proprietary function would aggravate the difficulty."

Likewise, had the claimant in this case suffered an injury on a city street, or a State highway, she would have avoided the rule. But the fact that she cannot recover against the Chicago Park District, because in the maintenance of this sidewalk it is performing a governmental function, does not give her a cause of action against the State of Illinois.

An award is therefore denied.