Naomi Miller, Plaintiff-Appellant, v. City of Chicago, a Municipal Corporation, Defendant, Chicago Park District, a Municipal Corporation, Defendant-Appellee.

Gen. No. 47,633.

First District, First Division.

March 21, 1960.

Released for publication April 11, 1960.

Arthur S. Gomberg, of Chicago (Samuel Nineberg, of counsel) for appellant.

David S. Kerwin, Acting General Attorney, Chicago Park District (Harry R. Posner, Assistant General Attorney, Chicago Park District, of counsel) for defendant-appellee.

PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff appeals from an order dismissing her suit for personal injuries sustained in October 1957, when she tripped over a broken sidewalk on Oakwood Boulevard which, at that time, was a street under the control of the Chicago Park District. The City of Chicago therefore is no longer involved. The plaintiff alleged that Oakwood Boulevard was a business street and was not used for park purposes. An affidavit, describing the immediate vicinity where the accident occurred, was attached to her second amended statement of claim.

The motion to dismiss was upon the grounds that the Chicago Park District was not liable for the plaintiff's injuries because Oakwood Boulevard was maintained as a governmental function by the district, a governmental agency created by the legislature for the health, welfare and enjoyment of the public; that the act creating the district made no provision for the payment of damages for personal injuries and that there was no fund for that purpose.

When the briefs were filed two questions were presented for determination: whether the Chicago Park District was immune from all tort liability and, if not, whether it could be held liable for an injury resulting from a defect on the sidewalk of a street supposedly being used for a commercial rather than a park purpose. Subsequent events soon affirmatively resolved the first question; the second one, therefore, has necessarily abated.

57

The first of these events was the opinion of the Supreme Court of Illinois in Molitor v. Kaneland Com. Unit Dist., No. 35249, May 21, 1959. Prior to this opinion the long established rule in Illinois was that school districts and similar governmental agencies were immune from tort liability unless such liability was specifically imposed by statute. Leviton v. Board of Education, 374 Ill. 594, 30 N.E.2d 497 (1940). In the Molitor decision the Supreme Court struck down the doctrine of sovereign immunity as applied to school districts, stating:

"We conclude that the rule of school district tort immunity is unjust, unsupported by any valid reason, and has no rightful place in modern day society."

While the holding of the Molitor case was confined to school districts, it was clear that the case would apply to other governmental agencies as well. It was so applied in Peters v. Bellinger, 22 Ill.App.2d 105, 159 N.E.2d 528 (1959).

Soon after the Molitor decision the Illinois legislature, which was then in session, passed several bills which restored tort immunity to park districts, forest preserve districts, counties and, subject to certain limitations, to public school districts and nonprofit private schools. Section 333.2a [c 105, Ill. Rev. Stat. 1959] was enacted for the express purpose of shielding the defendant herein from tort liability. The statute provides:

"The Chicago Park District shall not be liable for any injuries to any person . . . *heretofore or hereafter* caused by or resulting from the negligence of its agents, servants, officers, or employees in the operation or maintenance of any property . . . under the jurisdiction, control or custody of the district. . ."

This sweeping declaration is a clear expression of legislative policy on the tort immunity of the park

58

district, whether it is regarded, as the plaintiff believes, as the creation of a new immunity or, as the defendant believes, as but the reaffirmation of the immunity enjoyed by the district prior to the first Molitor opinion.

In December 1959, the Supreme Court, after rehearing, entered its final opinion in the Molitor case, 18 Ill.2d 11, 163 N.E.2d 89. The court took no notice of the intervening legislation. It adhered to its earlier opinion but made the effect of the decision prospective only, except as to the plaintiff therein:

"For this reason we feel justice will best be served by holding that, except as to the plaintiff in the instant case, the rule herein established shall apply only to cases arising out of future occurrences."

■ The limitation of the Molitor opinion to future occurrences would prevent any beneficial application of its holding to the plaintiff, whose injury took place in 1957 and whose suit was dismissed in 1958. The retroactive aspect of the legislation would bar the plaintiff's suit even if the Molitor limitation did not.

■ Between the two Molitor opinions we had agreed that additional briefs could be submitted by both sides, after the adjournment of the legislature and after the petitions for rehearing had been considered. In her supplemental briefs the plaintiff attacks the constitutionality of the statute as violative of section 1 of the fourteenth amendment to the Federal constitution, and section 19, article II of the State constitution. She argues that the retroactive application is a deprivation of her vested right of action. She asserted this argument at the first available opportunity. However, it is impossible for us to consider it inasmuch as the Appellate Court does not have jurisdiction over constitutional questions. It is our obligation to accept the statute as constitutional and to apply it as it is written. People v. Kingery, 368 Ill. 205, 13

N.E.2d 271 (1938); Israelstam v. United States Casualty Co., 195 Ill. App. 120 (1915).

Of course, the prerequisite to the plaintiff's postulate is that she had a vested right of action. If she did not, no constitutional issue would be involved; the statute could not impair a nonexistent right. Because of the conclusiveness of the statute on the one hand and our restricted constitutional jurisdiction on the other, we do not believe anything would be gained by a prolonged discussion of the question. Suffice it to say that a thorough examination of Illinois decisions, prior to the Molitor case, compels us to conclude that she did not have a right of recovery from the defendant. This seems to be true both on the broad basis that a suit in tort could not lie against the park district and on the particular basis that the maintenance of a sidewalk, such as the one on Oakwood Boulevard, was considered a park function, governmental in its nature. The plaintiff's chief hope in this case was that this court would not follow the earlier decisions but would approach the problem anew. The legislative enactment dispelled any possibility that this hope might have been realized. County of Cook v. City of Chicago, 311 Ill. 234, 142 N. E. 512 (1924); Stein v. West Chicago Park Com'rs, 247 Ill. App. 479 (1928); Roumbos v. City of Chicago, 332 Ill. 70, 163 N. E. 361 (1928); Love v. Glencoe Park District, 270 Ill. App. 117 (1933); LePitre v. Chicago Park District, 374 Ill. 184, 29 N.E. 2d 81 (1940); Leviton v. Board of Education, supra, and Griffin v. City of Chicago and Chicago Park District, 317 Ill. App. 368, 45 N.E.2d 890 (1943) (leave to appeal denied, 321 Ill. App. XIV).

██ Two additional points are made in the plaintiff's last supplemental brief. One is that she should share the preferred status the Supreme Court gave to the plaintiff in Molitor v. Kaneland, because she also went to " 'effort and expense in challenging the old

60

rule,' " had the same incentive in appealing, and prosecuted her appeal before the Molitor decision. The second is that "the rehearing portion of the Molitor opinion is in direct conflict with the original opinion and promulgates a theory not found anywhere else in the law"; the purport of this objection seems to be that we should ignore the opinion. With reference to both points, it is sufficient to say that it is not within our province to modify a decision of the Supreme Court.

The order of the Municipal Court is affirmed.

Affirmed.

SCHWARTZ and McCORMICK, JJ., concur.