Joseph Pelin, Plaintiff-Appellant, v. City of Chicago, a Municipal Corporation, Defendant-Appellee.

**Gen. No. 48,379.**

First District, Third Division.
October 25, 1961.

Lyle, Havey & Gager, of Chicago, for appellant.

John C. Melaniphy, Corporation Counsel of the City of Chicago (Sydney R. Drebin and Rita Ivy Epstein, Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

On December 8, 1953, Joseph Pelin was walking northward on the west sidewalk of Sheridan Road in the City of Chicago. As he came to the south curb of Dakin Street, an east-west street, he fell because of the allegedly defective condition of the curb.

On the date of the accident Dakin Street was under the jurisdiction of the City of Chicago, but Sheridan Road was under the jurisdiction of the Chicago Park District. The trial court held that the curb was property within the control of the Park District and dismissed the plaintiff's suit for personal injuries against the City.

There was no motion to strike, to dismiss, for judgment on the pleadings or for summary judgment. No testimony was heard, no exhibits were received; no affidavits were submitted. Although the court may have reached the correct conclusion, we do not understand how this could have been done and the suit dismissed without either a prefatory motion or evidence.

■ Maintaining Dakin Street was the responsibility of the City. Maintaining Sheridan Road was the responsibility of the Park District. Maintaining the sidewalk along the sides of Sheridan Road was also the responsibility of the Park District. Miller v. City of Chicago, 25 Ill App2d 56, 165 NE2d 724; Griffin v. City of Chicago, 317 Ill App 368, 45 NE2d 890. But what about the curb at the place the plaintiff fell; was it part of Dakin Street and subject to

459

the jurisdiction of the City, or was it part of the Sheridan Road sidewalk and under the jurisdiction of the Park District?

In its present form the question is presented to us as if it were solely one of law. It need not be a question of law if information is available which can answer it factually. We have no facts before us. The record consists of nothing but the complaint, the answer and the court's order.

In an effort to supply this factual deficiency the City has attached to its brief in this court as "Appendix A," an ordinance of the City, effective January 11, 1892, changing the name of Sheffield Avenue, a City street, to Sheridan Road and transferring its control to the Board of Lincoln Park Commissioners, the predecessor of the present Chicago Park District. The ordinance did the same with Byron, an east and west street. It provided that Byron, from Lake Shore Drive westward to the western line of Sheffield Avenue, should become Sheridan Road and that Sheridan should then run along the former Sheffield Avenue northward from Byron to Fifty-ninth Street.

The City also attached an "Appendix B," a map of the immediate vicinity. This map is in black and white with the exception of Sheridan Road north of Byron Street, which is in green. The green portion of the map is said to depict the property transferred to the Park District. The green portion covers all of Sheridan Road, from the east lot line to the west lot line. It extends across Dakin Street—which is one block north of Byron—parallel with the west lot line; this includes the normal crosswalk across Dakin Street from south to north and includes the curb at the place where the plaintiff fell.

■■ Neither ordinance nor map was attached to the City's answer; neither was introduced in evidence. While we can take judicial notice of the ordi-

460

nance, we cannot of the map. It is not incorporated in the ordinance by reference. Who drew it or colored it and upon what authority, we have no way of knowing. It was improperly included in the City's brief, has no place in this court and will not be considered. Taking judicial notice of the ordinance does not lead to a ready answer of the question propounded. The ordinance is not as precise as the map. The ordinance speaks of the "western line of Sheffield Avenue" and "all of Sheffield Avenue." Whether these phrases mean from the east lot line to the west lot line and extensions of these lines across intersecting streets does not have to be decided under the present status of this case.

If the map is accurate, the question is answered. The Park District would have jurisdiction over that part of Dakin Street just west of Sheridan Road and would have the responsibility of maintaining the continuation of the sidewalk through Dakin Street, including whatever curbs there might be at those points. If the map is inaccurate, and if all the green portion was not given to the Park District, then other evidence might supply the answer. Evidence might disclose if the curb was installed or rebuilt since 1892 and by whom, or who repaired and maintained the curb prior to and at the time of the accident. If evidence is not available or helpful then the question would be one of law: is a curb at a crosswalk part of the sidewalk or part of the street?

The order of the Superior Court will be reversed and the cause remanded with directions to hear whatever evidence the parties care to submit or to rule upon whatever motion they care to make.

Reversed and remanded with directions.

McCORMICK, P. J. and SCHWARTZ, J., concur.