(No. 49493.

MATTHEW PATRICK GERRITY, Appellant, v. ROBERT BEATTY *et al.*, Appellees.

*Opinion filed January 20, 1978.—Modified on denial of rehearing March 30, 1978.*

Eugene I. Pavalon, of Asher, Greenfield, Goodstein, Pavalon & Segall, Ltd., of Chicago (Irving Stenn, Jr., of counsel), for appellant.

James H. Canel, of Chicago, for appellee.

Jane Carfagno Clark, of Springfield, for *amicus curiae* Illinois Education Association.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

On October 20, 1973, the 15-year-old plaintiff, Matthew Patrick Gerrity, suffered severe injuries while making a tackle in a junior varsity football game conducted by Downers Grove South Community High School where he was enrolled as a sophomore. He thereafter filed a multicount personal injury action seeking damages from the manufacturer of the football helmet he was wearing, his attending physician, the hospital in which he received treatment, the city of Downers Grove, whose fire department personnel transported him to the hospital, and the defendant school district. This appeal is concerned solely

with count VI of the complaint, which alleged ordinary negligence on the part of the defendant school district in furnishing plaintiff with an ill-fitting and inadequate football helmet. The trial court granted the district's motion to strike count VI on the ground that under section 34—84a of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 34—84a), as construed by this court in *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, and as applied to the circumstances set forth in the complaint, the plaintiff could not recover damages unless he alleged and proved willful and wanton conduct on the part of school personnel. We allowed plaintiff's 302(b) motion to transfer to this court his appeal under Rule 304(a) (58 Ill. 2d Rules 302(b), 304(a)), the trial court having found there to be no just reason for delaying enforcement and appeal.

As a consequence of the public policy considerations favoring the promotion of family harmony and the prevention of intrafamily litigation and strife, it has been recognized as a general rule in this State that children may not maintain actions against their parents for mere negligence but may do so only in the case of willful and wanton misconduct. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165; *Mroczynski v. McGrath* (1966), 34 Ill. 2d 451; *Nudd v. Matsoukas* (1956), 7 Ill. 2d 608.) In 1965, the General Assembly enacted sections 24—24 and 34—84a of the School Code, which had the effect of extending this limited form of parental immunity to teachers and other certificated educational employees. The former section applies to cities with populations of less than 500,000 while the latter applies to cities with populations greater than 500,000. The pertinent parts of each section are identical and provide as follows:

> "Teachers and other certificated educational employees shall maintain discipline in the schools. In all matters relating to the discipline in and conduct of the

schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians.

Nothing in this Section affects the power of the board to establish rules with respect to discipline." Ill. Rev. Stat. 1973, ch. 122, pars. 24—24, 34—84a.

In *Kobylanski,* this court considered two consolidated cases in which students who had suffered injuries while participating in gym class activities sought to recover damages from the defendant school districts on the grounds that the injuries resulted from ordinary negligence on the part of the gym teacher in failing to provide proper instruction and supervision during gym class. One of the questions was whether sections 24—24 and 34—84a of the School Code should be construed to confer the status of parent or guardian upon teachers solely in disciplinary situations or whether such status also applied to the facts in those cases, which admittedly arose from nondisciplinary, supervisional activities. We concluded that by its terms the statute intended to confer *in loco parentis* status in nondisciplinary as well as disciplinary situations and that the plaintiff students must therefore prove willful and wanton misconduct on the part of the physical education teacher to recover for the injury suffered in gym class.

In this case count VI of plaintiff's complaint alleged that the defendant school district carelessly and negligently:

"(a) Permitted and allowed the plaintiff to wear an ill fitting and inadequate football helmet;

(b) Refused to furnish adequate and proper football equipment upon the plaintiffs request;

(c) Furnished and provided the plaintiff with an ill fitting and inadequate football helmet when it knew or in the exercise of ordinary care should have known said helmet was liable and likely to cause plaintiff injury."

In support of its decision allowing the district's motion to strike count VI, the trial court found that the *Kobylanski* decision "does not distinguish between discipline, supervision and furnishing of equipment, but extends to any and all conduct of the schools including the furnishing of equipment for athletic teams." For the reasons hereafter stated, we are of the opinion that the factual allegations of count VI do not bring this case within the intended scope of sections 24—24 and 34—84a of the School Code.

The statutory provisions in question reflect a legislative determination that the orderly conduct of the schools and the maintenance of a sound learning atmosphere require that there be a personal relationship between teacher and student in which the teacher has disciplinary and supervisory authority similar to that which exists between parent and child. It is evident that this relationship would be seriously jeopardized if teachers and school districts were amenable to ordinary negligence actions for accidents occurring in the course of the exercise of such authority. It is significant to note, however, that our decision in *Kobylanski,* and the appellate court decisions referred to therein which held teachers and school districts immune from suits for ordinary negligence, were each concerned with a direct, teacher-student relationship involving the exercise of a teacher's personal supervision and control over the conduct or physical movement of the student. As previously related, *Kobylanski* involved the alleged failure to provide proper supervision and instruction over physical activities of students in gym class. In *Merrill v. Catholic Bishop* (1972), 8 Ill. App. 3d 910, it was alleged that an art teacher had not properly supervised a student while he was cutting lengths of wire to be used for making sculptures. In *Mancha v. Field Museum of Natural History* (1972), 5 Ill. App. 3d 699, a student touring a museum on a school field trip was assaulted by other children, and it was alleged that the teachers in

charge of the group had failed to maintain discipline and exercise proper supervision over the movement of the children. *Fustin v. Board of Education* (1968), 101 Ill. App. 2d 113, was concerned with the alleged negligence of school personnel who failed to control, manage and supervise a school basketball game in which a student was struck and injured by a player on an opposing team. Likewise, in *Woodman v. Litchfield Community School District No. 12* (1968), 102 Ill. App. 2d 330, it was alleged that the teacher had failed to provide adequate supervision of the movement of children in the classroom when a student was kicked in the head by a fellow student while picking up papers from the floor at the request of the teacher.

As distinguished from the foregoing cases, count VI in the case at bar did not allege negligence arising out of the teacher-student relationship in matters relating to the teacher's personal supervision and control of the conduct or physical movement of a student, but instead alleged negligence in connection with what we consider to be the separate function of furnishing equipment which was alleged to be inadequate, ill fitting and defective and which was known, or which in the exercise of ordinary care should have been known, to be liable to cause injury to the plaintiff. The public policy considerations in authorizing, and indeed encouraging, teachers to have broad discretion and latitude in the former situation quite clearly do not apply with as much force to the latter. On the contrary, public policy considerations argue rather strongly against any interpretation which would relax a school district's obligation to insure that equipment provided for students in connection with activities of this type is fit for the purpose. To hold school districts to the duty of ordinary care in such matters would not be unduly burdensome, nor does it appear to us to be inconsistent with the intended purposes of sections 24—24 and 34—84a of the School

Code.

We therefore conclude that *Kobylanski* is not controlling here and that the factual allegations of count VI fall outside of the scope of section 34—84a of the School Code. Accordingly, the judgment of the trial court dismissing count VI of plaintiff's complaint is reversed, and the cause is remanded to that court with directions to reinstate that count.

*Reversed and remanded,*
*with directions.*