MARC B. JACKSON, a Minor, by Arletta Dymond, His mother and Next Friend, *et al.*, Plaintiffs-Appellants, *v.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellee.

First District (3rd Division)   No. 81—2406

Opinion filed October 6, 1982.

Schmidt & Fleischaker, of Chicago (Philip J. Schmidt and Stephen E. Vargo, of counsel), for appellants.

Kralovec, Marquard, Doyle and Gibbons, Chartered, of Chicago (Harry Ray Chiles, Jr. and John C. Doyle, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, Marc B. Jackson, a minor, by his mother and next friend Arletta Dymond, and Arletta Dymond individually, filed a six-count complaint to recover damages from defendant Chicago Board of Education for injuries sustained and expenses incurred when the child fell from a swing in the school playground. Plaintiffs appeal from an order of the trial court granting defendant's motion to dismiss counts I, II, V and VI because of the immunity granted to defendant under section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 3—106). The trial court's striking of counts III and IV, which alleged wilful and wanton misconduct, is not involved in this appeal.

The child was injured while using the swings in a school playground owned and controlled by defendant. In count I the child seeks damages for those injuries; in count II the mother seeks recovery for expenses incurred for the child's care. Plaintiffs alleged in both counts that the child's injuries were caused by defendant's negligence in failing to supervise the playground properly; failing to maintain the swings adequately; and failing to provide and maintain adequate mats for the protection of children falling from the swings. Counts V and VI, also alleging negligence on the part of defendant, seek to impose liability upon a theory of attractive nuisance.

Section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act provides as follows:

> "Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be

used as a park, playground or open area for recreational purposes unless such local entity or public employee is guilty of willful and wanton negligence proximately causing such injury."

■ Defendant, of course, is a public entity for the purpose of the Act; and plaintiffs alleged that defendant's liability was based on the condition of property used as a playground. Consequently, since plaintiffs did not allege wilful or wanton misconduct on the part of defendant, the dismissal of counts I and II based on the immunity conferred by section 3—106 was proper.

Plaintiff's reliance on the holding in *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, for their contention that section 3—106 is inapplicable in the present case is clearly misplaced. Section 3—106 was neither raised nor considered in *Gerrity*. Rather, that case involved section 34—84a of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 34—84a), which immunizes teachers from liability for ordinary negligence while they are acting in a supervisory or disciplinary capacity. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.) The purpose behind the enactment of section 34—84a was to promote orderly conduct by fostering the kind of personal student-teacher relationships which would give the teacher disciplinary and supervisory authority similar to that of a parent. (*Gerrity v. Beatty*.) In light of that purpose, the court in *Gerrity* found that section 34—84a was inapplicable where the school district furnished students with defective football helmets since no student-teacher relationship was involved.

■ On the contrary, application of section 3—106 here is directly in line with its purpose which is to encourage the development and maintenance of public parks, playgrounds and similar recreation areas. (*Beckus v. Chicago Board of Education* (1979), 78 Ill. App. 3d 558, 397 N.E.2d 175.) Plaintiffs' argument that a public entity should be liable for ordinary negligence where the liability is based on the condition of property used as a playground was resolved against plaintiffs by the legislature when it enacted section 3—106.

Nor did the trial court err in dismissing counts V and VI which were based on an attractive nuisance theory. Plaintiffs alleged that the swings and matting were defective and likely to cause injury to children using them because of the children's inability to appreciate the risk involved and that defendant knew or should have known that young people frequented the playground.

The doctrine of attractive nuisance as modified in *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, merely recognizes an exception to the general rule that an owner or occupier of land is un-

der no duty to keep the premises in any particular condition to promote the safety of persons who come onto the land uninvited. The exception occurs where a child, whose presence on the land is foreseeable, is injured due to a condition on the property which is hazardous by reason of the child's inability to appreciate the risk involved. The attraction element is no longer significant except as to the extent that it indicates whether the landowner should have anticipated the presence of children on the premises.

The present case is not concerned with defendant's duty of care to an uninvited child. Indeed the foreseeability of the child's presence on the public playground is obvious and not an issue in this case. The doctrine of attractive nuisance is inapplicable and in no way negates defendant's immunity from liability for the child's injuries pursuant to section 3—106. We find that counts V and VI failed to state a cause of action and were properly dismissed.

For the reasons stated, the judgment of the circuit court of Cook County dismissing counts I, II, V and VI of plaintiffs' complaint is affirmed.

Judgment affirmed.

WHITE, P. J., and McGILLICUDDY, J., concur.