MAMIE SPENCER, Adm'r of the Estate of Patrick James Spencer, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—89—0749

Opinion filed December 8, 1989.

Susan E. Loggans & Associates, of Chicago (Susan E. Loggans and Patrick J. Condron, of counsel), for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Michelle A. Hutchinson, Assistant Corporation Counsel, of counsel), for appellee City of Chicago.

Donald J. Suriano, of Chicago Park District, and Nelson A. Brown, Jr., both of Chicago, for appellee Chicago Park District.

JUSTICE LaPORTA delivered the opinion of the court:

This is an appeal from an order by the trial court granting the defendants' motion to strike all counts of plaintiff's third amended complaint with prejudice, denying plaintiff leave to file a fourth amended complaint and dismissing the litigation.

On May 5, 1987, while he was in the care of a babysitter, plaintiff's three-year-old son, Patrick, wandered from the house and crossed the street to an unfenced lagoon in Auburn Park where he fell into the water. He was taken immediately to Mitchell/Wyler's Hospital emergency room, where he was pronounced dead.

On April 8, 1988, as administrator of the estate of Patrick Spencer, deceased, plaintiff filed suit under the wrongful death statute (Ill. Rev. Stat. 1987, ch. 70, pars. 1, 2), against the City of Chicago and the Chicago Park District in a one-count complaint alleging the child's wrongful death was caused by defendants' negligence in failing to fence the lagoon, failing to post lifeguards or security personnel and failing to replace graffiti-marked warnings or danger signs.

On May 16, 1988, plaintiff in an emergency motion moved for leave to file a first amended complaint at law. The two-count amended complaint was filed the same date, alleging in count I the wrongful death and the same allegations of negligence from the original complaint, and in count II, alleged plaintiff's appointment as estate administrator, alleged the same negligence, alleged the pain and suffering of the child prior to his death and alleged this action had survived him.

Both defendants on June 14, 1988, moved to dismiss the amended complaint pursuant to section 2—619(a)(9) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)) (claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim) and alleged that under the Illinois Governmental and Governmental

Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1987, ch. 85, par. 3—106), defendants were not liable under the ordinary negligence pled by plaintiff because the statute required a showing of willful and wanton conduct by the public entity to impose liability on the public body. Defendants' motions were granted.

On July 12, 1988, plaintiff was given leave to file and did file a second amended complaint in four counts. Count I alleged wrongful death due to ordinary negligence and contained the same allegations of count I of the two prior complaints. Count II alleged the same negligence, wrongful death, pain and suffering and survival of the child's cause of action as alleged in count II of the two prior complaints. Count III on information and belief alleged the lagoon was jointly owned, maintained and controlled by the defendants; that small children frequently played in the vicinity; that defendants should have known or anticipated that the minor plaintiff would be there; that defendants knew or should have known of prior incidents of children coming into contact with the lagoon water; that prior to May 15, 1987, defendants cleaned the lagoon, regulated its water level and patrolled in the vicinity and therefore knew children were frequently in the area; that defendants had a duty to provide adequate safety barriers or guards to protect the public and small children from contact with the lagoon water and should have known of the dangerous condition of the lagoon; that the defendants were engaged in willful and wanton conduct and with indifference and conscious disregard for the minor plaintiff's safety failed to fence the area to prevent access to small children, failed to post lifeguards or security personnel to protect small children from falling into the lagoon and failed to replace defaced warning or danger signs. Count IV alleged the willful and wanton acts of defendants recited in count III and alleged the cause of action survived the child's death.

Defendants moved to strike the second amended complaint, counts I and II, under section 2—619(a)(9) as in prior motions to strike based on the Illinois Tort Immunity Act, and counts III and IV for failure to allege any latent conditions, and that the only condition alleged is the existence of the water. The allegation of failure to replace warning signs presumes the deceased three-year-old could comprehend them if graffiti-free. The allegation of the complaint is that the child was unsupervised at the time of the occurrence. The motion argued defendants had no duty to protect from the ordinary condition of water, and therefore counts III and IV failed to state a cause of action.

On September 15, 1988, plaintiff moved for and was given leave to file a third amended complaint, which was filed the same date. In the

third amended complaint the plaintiff added the following allegations to all four counts of the complaint in addition to the allegations already pled:

(a) That the lagoon was not intended for recreational purposes such as swimming, fishing, boating; posted signs prohibited swimming and walking on lagoon when it was frozen;

(b) That children of all ages including those "not allowed to be at large" played in the area daily and defendants should have known that children of very tender age would roam unattended at the lagoon, and that prior to May 15, 1987, many small children fell into the water;

(c) That the levels of the lagoon would increase due to heavy rainfalls and on May 15, 1987, the water level was over the edge of the rocks bordering the lagoon and the water was filled with debris and garbage;

(d) That defendants were negligent in failing to regulate water levels, failure to install barriers around the edge of the lagoon to prevent access, failed to take steps to mark or permit persons to see the accurate depth of the lagoon, built the lagoon of an excessive depth in a heavily-populated area and failed to provide adequate safety measures.

On November 21, 1988, defendants filed motions to dismiss counts I and II pursuant to section 2—619(a)(9), arguing that under the provisions of the Tort Immunity Act, public entities are not liable for claims of ordinary negligence, and moved to dismiss counts III and IV pursuant to section 2—615, arguing plaintiff alleged no latent conditions or extraordinary risk of harm posed by the lagoon but only alleged the existence of water which was obvious and ordinary and alleged that the child here was unsupervised or "at large." On December 21, 1988, plaintiff responded to the motion that the pleadings sufficiently stated causes of action and defendants filed their reply.

On February 3, 1989, following arguments of counsel for the respective parties, the trial judge entered an order that provided in part:

> "It is hereby ordered that defendants', City of Chicago and Chicago Park District, motions to dismiss (2—615 and 2—619) are hereby sustained with prejudice.
>
> This lawsuit is dismissed.
>
> Plaintiff is denied leave to amend his pleading to file a fourth amended complaint."

A transcript of a portion of the argument heard on February 3, 1989, is part of the record.

Plaintiff raises the following issues: (1) Whether the trial court erred in granting defendants' motions to dismiss counts I and II with prejudice and in denying plaintiff leave to file a fourth amended com-

plaint, where plaintiff alleged or could have established that the lagoon was not intended for recreational purposes, so that the Tort Immunity Act does not apply, and therefore an action in ordinary negligence could stand, and (2) whether the dismissal with prejudice of counts III and IV and refusal to permit plaintiff to amend were error where plaintiff alleged or could have alleged facts to show that a three-year-old could not appreciate the attendant risks of the lagoon, that defendants knew or should have known of the hazards to small children and that the lagoon is an extraordinary danger.

■ The Illinois Tort Immunity Act (Ill. Rev. Stat. 1987, ch. 85, par. 3—106) provides immunity from tort liability to local public entities or public employees based on the condition of any public property "intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury."

There is no dispute that the lagoon is located in a public park. Plaintiff states that the trial judge "determined that the lagoon was public property used for recreational purposes only" and that he further ruled that "the lagoon was an open and obvious hazard that Patrick Spencer would be able to appreciate and avoid," and therefore, a cause of action could not exist, and inferentially, could not be pled.

We first consider whether dismissal with prejudice of counts I and II and refusal to permit plaintiff to file a fourth amended complaint were error where facts were alleged or could be alleged to establish that the lagoon was not intended for recreational purposes and therefore an action in ordinary negligence could stand.

In finding that the third amended complaint counts I and II failed to state facts sufficient to overcome the tort immunity given to public entities and their employees under the Illinois Tort Immunity Act (Ill. Rev. Stat. 1987, ch. 85, par. 3—106), the trial judge found that the lagoon was located in a public park, that the Act specifically identified a park as "public property intended or permitted to be used for recreational purposes" and, therefore, that the defendant public entities were immune from liability for the ordinary negligence alleged in counts I and II.

Plaintiff argues that because signs were posted around the perimeter of the lagoon which prohibited fishing and swimming, it is clear that the lagoon was not meant for recreational purposes, and therefore, the court's application of the Tort Immunity Act was error. Plaintiff points to the accumulated debris which obscured the lagoon's bor-

der and argues that if the lagoon was intended for recreational purposes, defendants would not allow this condition to exist, making the lagoon unsafe and unattractive for such purpose. Plaintiff concludes that if the "recreational purposes" factor is removed from the equation, an action sounding in ordinary negligence is permitted against a public entity, and therefore, the court's dismissal with prejudice of counts I and II without leave to amend was too harsh a ruling, unless it is apparent that no new cause of action can be stated.

■ A park is "an inclosed pleasure-ground in or near a city, set apart for the recreation of the public." (Black's Law Dictionary 1005 (5th ed. 1979).) The defendant park district cites *Beckus v. Chicago Board of Education* (1979), 78 Ill. App. 3d 558, 560, 397 N.E.2d 175, 177, which argues that clearly parks are included in the definition of recreation areas. Plaintiff's own allegations state the lagoon is within Auburn Park.

The term "recreation area" or "recreation purpose" is not limited to active recreation. The court in *Zebulon Enterprises, Inc. v. County of Du Page* (1986), 146 Ill. App. 3d 515, 518-19, 469 N.E.2d 1256, 1259, found the term "recreation" to include both active and passive activities.

Plaintiff cites *Cates v. City of Bloomington* (1947), 333 Ill. App. 189, 77 N.E.2d 46, to argue the city's liability for injuries on bodies of water owned by the city. *Cates* is distinguishable on its facts. That case was decided on the question of whether the rental of rowboats for use on a lake maintained by the city for water supplies was a proprietary or governmental function and, if found to be a governmental function, then municipal immunity would apply. In reversing the trial court's dismissal of the complaint, the court found that while the lower court assumed the city operated a recreational facility on the lake, the complaint contained no allegation from which such inference could be drawn. The court further stated that the mere fact that boats were operated on the lake when its primary use was for city water supplies does not compel the conclusion that they were used for recreational purposes. On the basis of the specific allegations of the complaint, the court reversed the trial judge. The *Cates* case was decided prior to the enactment of the tort immunity statute.

■ Because of the undisputed facts of this case, the trial court found the tort immunity statute applied and that counts I and II, sounding in ordinary negligence, did not state a cause of action against the defendants, nor could these two counts be amended to allege facts which would correct the deficiency. We agree.

We next consider whether the trial court's dismissal of counts III

and IV and refusal to permit plaintiff to file a fourth amended complaint were error where plaintiff argues that facts were or could be alleged to establish an exemption to the Tort Immunity Act in that defendants knew of the dangerous condition and willfully and wantonly failed to act to insure the safety of small children.

Counts III and IV allege certain willful and wanton conduct by defendants as a result of which the plaintiff's minor child drowned. Specifically, the allegations impute to the defendants knowledge that: young children habitually frequent the area of the lagoon, that the lagoon was defective or dangerous, that the children were incapable of appreciating the danger, that the condition of the lagoon was likely to cause injury to the children and that the expense or inconvenience of remedying the condition is slight compared to the risk to the children. (*Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 625, 126 N.E.2d 836, 842.) Plaintiff argues that the allegations of counts III and IV of the complaint are sufficient to allege the willful and wanton conduct of defendants to satisfy the exception requirements of the tort immunity statute and therefore sufficiently pled causes of action against the defendants.

In summary, plaintiff states that this appeal is premised on the allegation that a dangerous condition existed which was likely to cause injury to children who were incapable of appreciating the danger because of their immaturity.

It should be noted that the *Kahn* case is factually distinguishable from our case, involving injury to an 11-year-old child playing on a pile of lumber stacked on a private homesite rather than a dangerous condition existing on public land. The court discussed the defendant's duty to exercise ordinary care against injury from defendant's acts, and therefore, the court's analysis was limited to liability for ordinary negligence and the foreseeability of harm to children. The court did not discuss willful and wanton conduct.

Defendants cite *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 326, 383 N.E.2d 177, 181-82, involving a two-year-old child who fell into a ditch, where the court discusses the "dangerous condition" rule which held that an owner of the land has a duty to remedy conditions which are dangerous to children who are too immature to realize the danger, but found that a child of any age allowed to be at large may reasonably be expected to understand and appreciate the dangers of fire, water and falling from a height. See also *Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023.

Here, plaintiff alleged that the minor plaintiff was not allowed to be at large but in fact was at large and without supervision at the time

of the accident.

■▮▮ The allegations are that plaintiff allowed the minor child to be at large. The third amended complaint alleges no facts other than the existence of water and the failure to barricade the area to protect unsupervised children. Defendants respond that existence of water is an everyday occurrence in the lives of children, and that this condition imposes no duty on defendants to remedy risks which are obvious and which children would be expected to appreciate and avoid. (*Corcoran*, 73 Ill. 2d at 326, 383 N.E.2d at 180.) If the condition complained of presents such obvious risks to children, there is no duty to remedy and no recovery for injuries caused by a danger found to be obvious. (*Cope*, 102 Ill. 2d at 286, 464 N.E.2d at 1027.) A person in control of property is not required to indemnify against all risks; a child's safety and the responsibility for preventing danger to him rest primarily in his parents or caretakers. *Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 79, 219 N.E.2d 483, 486.

■▮ The complaint at counts III and IV states no duty on defendants to supervise this unattended three-year-old child nor does the law impose such a duty on the defendants. The fact that this child was near the lagoon and was unattended by either parents or babysitter and drowned as the result of his fall into the water will impose no duty on the defendants which they otherwise did not have. The addition of the words "willful and wanton" does not impose a duty on defendants which was not theirs.

The clear facts of this case preclude defendants' liability for the injuries and impose no duty to substitute defendants' supervision of the minor child for that of parents or babysitter. The trial court correctly dismissed counts III and IV. No additional facts can be pled which would create a duty which plaintiff can allege was breached and caused the child's death, and therefore, counts III and IV were incapable of amendment to state a valid cause of action.

For all of the foregoing reasons, the trial court's dismissal of the complaint and denial of motion for leave to amend are affirmed.

Judgment affirmed.

EGAN, P.J., and McNAMARA, J., concur.