BLAIR LEWIS, a Minor, Plaintiff-Appellant, v. JASPER COUNTY COMMU-NITY UNIT SCHOOL DISTRICT No. 1 *et al.*, Defendants-Appellees.

Fifth District    No. 5—93—0027

Opinion filed March 4, 1994.

Barry Schaefer, of Newton, and Stephen L. Williams and Max E. Goodwin, both of Mann, Chaney, Johnson, Goodwin & Williams, of Terre Haute, Indiana, for appellant.

John P. Ewart and Jonathan L. Kazense, both of Craig & Craig, of Mattoon, for appellee Jasper County Community Unit School District No. 1.

JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiff, Blair Lewis, filed a complaint against defendants, Jasper County Community Unit School District No. 1 (the School District) and the Regional Board of School Trustees of Clay, Richland, and Jasper Counties, for injuries she sustained after falling against a pumphouse on the school playground, during school hours. Plaintiff alleged both negligence and willful and wanton conduct. This court granted plaintiff leave to appeal from an order which dismissed the negligence counts of the complaint under the immunity provisions of section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (Ill. Rev. Stat. 1991, ch. 85, par. 3—106). We affirm.

■ Plaintiff's principal argument is that the school district is not immune from liability for ordinary negligence under section 3—106 of the Tort Immunity Act because of the case law construing section 24—24 of the School Code (Ill. Rev. Stat. 1991, ch. 122, par. 24—24). Section 24—24 of the School Code provides parental immunity to certain school personnel and school districts from negligence when the cause of action is premised on negligent supervision. Plaintiff relies on *Sidwell v. Griggsville Community Unit School District No. 4*

(1992), 146 Ill. 2d 467, 588 N.E.2d 1185, and *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323, which held that the school districts did not have immunity under section 24—24 of the School Code for the alleged negligent failure to provide safe equipment on school premises. Plaintiff contends that these cases and their construction of section 24—24 have established a public policy against relaxing a school district's obligation to supply safe equipment, buildings, and playgrounds. (See *Sidwell v. Griggsville Community Unit School District No. 4* (1992), 146 Ill. 2d 467, 588 N.E.2d 1185.) Plaintiff argues that the same policy should apply to cases construing section 3—106 of the Tort Immunity Act and that to hold otherwise would nullify the holdings in *Sidwell, Gerrity,* and appellate court opinions which have held school districts liable for ordinary negligence for failure to provide safe equipment on school premises. See *Bowers v. Du Page County Regional Board of School Trustees District No. 4* (1989), 183 Ill. App. 3d 367, 539 N.E.2d 246; *Jastram v. Lake Villa School District 41* (1989), 192 Ill. App. 3d 599, 549 N.E.2d 9; *Prest v. Sparta Community Unit School District No. 140* (1987), 157 Ill. App. 3d 569, 510 N.E.2d 595.

Plaintiff's reliance on the Illinois courts' application of section 24—24 of the School Code is misplaced. The supreme court cases that the plaintiff relies upon address only the application of section 24—24. (See *Sidwell v. Griggsville Community Unit School District No. 4* (1992), 146 Ill. 2d 467, 588 N.E.2d 1185; see also *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323.) *Sidwell* explicitly rejected the contention that its holding on section 24—24 governed section 3—106:

> "Whether section 3—106 itself would provide immunity to the school district *** is another matter. Because that statute was not pleaded as a defense in the trial court, the appellate court or here, we need not determine whether section 3—106 would apply in this case." *Sidwell,* 146 Ill. 2d at 474-75, 588 N.E.2d at 1189.

In *Kobylanski v. Chicago Board of Education,* the court noted that immunity under the School Code did not derive from immunity in the Tort Immunity Act (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705), thus indicating that the two statutes should be interpreted independently of one another. That the two statutes should be interpreted separately was also recognized by this court in *Keller v. Board of Education of Jonesboro School District 43* (1978), 68 Ill. App. 3d 7, 385 N.E.2d 785. Finally, *Bowers v. Du Page County Regional Board of School Trustees District No. 4* (1989), 183 Ill. App. 3d 367, 539 N.E.2d 246, explicitly held that the School Code and the Tort Immunity Act are to be interpreted independently of one another. We agree.

To apply the *Sidwell* court's reasoning and interpretation of section 24—24 of the School Code to section 3—106 of the Tort Immunity Act would be to ignore the clear language of section 3—106, which provides:

> "Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings, or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful or wanton conduct proximately causing such injury." Ill. Rev. Stat. 1989, ch. 85, par. 3—106.

Section 1—206 of the Tort Immunity Act defines "local public entity" to include school districts; and section 3—101 defines "public property" as "real or personal property owned or leased by a local public entity" (Ill. Rev. Stat. 1989, ch. 85, pars. 1—206, 3—101). Clearly, in light of the definitions provided by the legislature, section 3—106 immunizes the School District from injuries occurring on school property used for recreational purposes, absent willful or wanton conduct by the school district. See *Ramos v. Waukegan Community Unit School District No. 60* (1989), 188 Ill. App. 3d 1031, 544 N.E.2d 1302.

This interpretation of section 3—106 is in harmony with its purpose, which is to encourage the development and maintenance of public parks, playgrounds, and similar recreation areas. (*Jackson v. Board of Education* (1982), 109 Ill. App. 3d 716, 441 N.E.2d 120.) In *Jackson*, the plaintiff was injured while playing on swings located on a school playground. Not unlike this plaintiff, the plaintiff in *Jackson* relied upon the case of *Gerrity v. Beatty* and claimed that section 3—106 was inapplicable in that a public entity should be liable for ordinary negligence where the liability is based on the condition of property used as a playground. The court disagreed:

> "Plaintiff's argument that a public entity should be liable for ordinary negligence where the liability is based on the condition of property used as a playground was resolved against the plaintiffs by the legislature when it enacted section 3—106." *Jackson*, 109 Ill. App. 3d at 718, 441 N.E.2d at 121.

*Keller v. Board of Education of Jonesboro School District 43* (1978), 68 Ill. App. 3d 7, 385 N.E.2d 785, reached a similar conclusion. In *Keller*, the plaintiff sued the Board of Education for negligently failing to maintain a baseball field and for failing to supervise students using the baseball field. The trial court found *Gerrity* inapplicable and ruled that absent an allegation of willful and

wanton conduct the defendant was immune from liability under sections 3—106 and 3—108 of the Tort Immunity Act. The court stated:

"While plaintiffs appear to argue that liability for ordinary negligence in situations covered by these provisions would not in fact be unduly burdensome on a school board, this question of policy has already been settled against plaintiffs by the legislature when it enacted these provisions granting immunity." *Keller*, 68 Ill. App. 3d at 10, 385 N.E.2d at 787.

Based upon these earlier decisions and the clear meaning of the words of section 3—106, we conclude that the circuit court was correct in finding that section 3—106 of the Tort Immunity Act was applicable.

■ The next issue raised by the plaintiff is whether section 3—106 applies to an injury to a student on a school playground occurring during school hours and during a school activity. The plaintiff claims that the immunity provisions should only apply when the cause of action involves an injury occurring on a playground open to the public. We agree with the trial court that section 3—106 immunizes the School District from liability for negligence in the case· at bar. The fact that the injury occurred on a school playground during school hours is not controlling. As noted by the supreme court, the General Assembly, in defining "public property" for purposes of the Act, did not include a requirement that the property must be open for public use. (*Davis v. Chicago Housing Authority* (1990), 136 Ill. 2d 296, 555 N.E.2d 343.) *Davis* held that section 3—106 applied to a playground owned by the housing authority, notwithstanding the fact that the playground was not open to the public but was provided for the sole use of public housing tenants and guests. (*Davis v. Chicago Housing Authority* (1990), 136 Ill. 2d 296, 555 N.E.2d 343.) The same rationale applies in the case of a school playground whose use during school hours is restricted to the children of that school.

■ Plaintiff further argues that section 3—106 is limited to public property intended or permitted to be used for recreational purposes, and that the pumphouse on which plaintiff was injured had no recreational function. We disagree. The immunity provisions of section 3—106 have been held to apply to nonrecreational equipment and structures located on premises used for recreational activities. (See *Kirnbauer v. Cook County Forest Preserve District* (1991), 215 Ill. App. 3d 1013, 576 N.E.2d 168 (cable barrier between posts on a footpath); *Annen v. Village of McNabb* (1990), 192 Ill. App. 3d 711, 584 N.E.2d 1383 (sink in a restroom facility in a park); *Spencer v. City of Chicago* (1989), 192 Ill. App. 3d 150, 548 N.E.2d 601 (lagoon prohibited

from public use in a city park); *Ramos v. Waukegan Community Unit School District No. 60* (1989), 188 Ill. App. 3d 1031, 544 N.E.2d 1302 (sidewalk adjacent to school playground).) In the case at bar, the playground was the property being used for recreational purposes, and the pumphouse was a part of the property in question. Therefore, the immunity provisions of section 3—106 apply.

For the foregoing reasons, we conclude that the trial court was correct in granting defendant's motion to dismiss based on its finding that defendants were immune from liability for ordinary negligence under section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act.

Affirmed.

WELCH and RARICK, JJ., concur.