[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #146
The plaintiff has brought this action against the city of Shelton and the Shelton Little League alleging that the maintenance and operation of a little league baseball field in the vicinity of his home, constitutes a nuisance adversely affecting the enjoyment of his property. In the fifth count of the complaint the plaintiff makes a claim of a violation of his civil rights against the city of Shelton pursuant to § 1983 of Title 42 of the United States Code. The defendant, city, has moved to strike the fifth count for the reason that the allegations thereof do not rise to the level of a violation of Federal Constitution so as to support a 1983 action.
The purpose of a motion to strike is to challenge the legal sufficiency of a pleading and admits all facts well pleaded. Ivey,Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528,530, n. 2 (1983). In passing upon a motion to strike addressed to a complaint, or a count thereof, the allegation of that complaint must be construed in the manner most favorable to the plaintiff.
The plaintiff alleges that excessive noise and light emanating from the baseball field constitute a nuisance which adversely affects his property rights. The court has reviewed the authority cited by the parties and, it appears clear that such allegations, standing alone, would not support a 1983 action, even if the result of state action or inaction. See Keller v. Board of Education ofJonesboro School District, 385 N.E.2d 785 (Ill.App. 1978).
However, in the fifth count of the complaint, the plaintiff alleges that certain officials of the city of Shelton also had affiliations with and held positions in the Shelton Little League and that they used their positions in Shelton's City Government to allow the Shelton Little League to maintain the conditions complained of and illegally expand the use of the facilities. The plaintiff alleges that such abuse of power by public officials deprived him of his Constitutional rights with respect to his use and enjoyment of his property. CT Page 5923
In the opinion of the court such allegations distinguish this case from those cited by the city where claims based upon state tort law were dismissed as not raising to the appropriate level to support a 1983 action. In order to state a cause of action under section 1983, the plaintiff must allege an abuse of governmental power which is sufficiently egregious as to be constitutionally tortious. Rankin v. City of Wichita Falls, 762 F.2d 444 (5th Cir. 1985). Essentially the plaintiff is alleging that certain city officials abused their positions with the city which abuse benefitted [benefited] an organization with which they were affiliated, and harmed a property interest of the plaintiff. Whether the plaintiff can prove such allegation is, of course, a wholly different matter and not before the court at this time.
The allegations of the fifth count of the complaint, construed most favorably to the plaintiff are sufficient to withstand the motion to strike. Therefore, the defendant, city of Shelton's, motion to strike the fifth count of the complaint is denied.
THOMPSON, J.