NO. 4-00-0383

22 November 2000

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

JEREMY ARTEMAN and STEVE ARTEMAN,

Plaintiffs-Appellants,

v.

CLINTON COMMUNITY UNIT SCHOOL DISTRICT NO. 15, a Municipal Corporation,

Defendant-Appellee.

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of

De Witt County

No. 99L4

Honorable

Dan L. Flannell,

Judge Presiding.

_________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

In March 1999, plaintiffs, Jeremy Arteman and his father, Steve Arteman (collectively, the Artemans), sued defen

dant, Clinton Community Unit School District No. 15 (School District), for injuries Jeremy sustained while roller blading during a high school physical education class.  In April 1999, the School District filed a motion to dismiss the complaint, pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 1998)).  In July 1999, the trial court determined that the School District was immune from liability under section 3-108(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/3-

108(a) (West 1996)) and dismissed the complaint with prejudice.  The Artemans appeal, and we reverse and remand.

I. BACKGROUND

In March 1999, the Artemans filed a complaint alleging that on March 20, 1998, Jeremy (then 17 years old) was a student at Clinton Community High School.  On that date, students in Jeremy's physical education class were required to participate in either a running exercise or a roller blading session.  The complaint also alleged that students who chose to roller blade were provided with roller blades that "were of an experimental design with the brake mechanism located at the toe of the boot instead of the heel."  The students were not offered any other roller blading equipment.  As Jeremy attempted to roller blade around the wooden gym floor, he fell, breaking two bones in his right leg.  Count I of the complaint alleged negligence on the part of the School District for failing to provide (1) "the necessary safety equipment for rollarblading [
sic
] such as[,] but not limited to[,] helmets, shinguards, kneeguards, [and] elbow pads"; or (2) "rollarblades [
sic
] that were suitable for their intended use."  Count III of the complaint alleged that the School District's failure to provide necessary roller blading equipment constituted willful and wanton misconduct.  Counts II and IV sought reimbursement of medical expenses pursuant to the Rights of Married Persons Act, commonly referred to as the Family Expenses Act (750 ILCS 65/15 (West 1996)).

In April 1999, the School District moved to dismiss the complaint pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 1998)).  The School District claimed that it was immune from liability under several sections of the Act, including sections 2-201 and 3-108(a) (745 ILCS 10/2-201, 3-

108(a) (West 1996)).  

In July 1999, after hearing arguments on the School District's motion, the trial court granted the motion to dismiss the complaint with prejudice on the ground that section 3-108(a) of the Act immunized the School District from liability.  The court specifically found that the complaint essentially alleged that the School District failed to supervise Jeremy's physical education class.  The court later denied the Artemans' motion to reconsider, and this appeal followed.  

II. ANALYSIS

A. Standard of Review

Section 2-619 motions to dismiss provide a means for disposing of issues of law or easily proved issues of fact.  
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 115, 619 N.E.2d 732, 735 (1993).  In the present case, the ground advanced for dismissing the complaint is that the claims asserted therein are barred by a defense that completely negates the asserted causes of action.  See 
Payne v. Lake Forest Community High School District 115
, 268 Ill. App. 3d 783, 784-85, 644 N.E.2d 835, 836 (1994); 735 ILCS 5/2-619(a)(9) (West 1998).  The trial court should grant the motion and dismiss the complaint if, after construing the allegations in the light most favorable to the plaintiff, no set of facts can be proved that would entitle the plaintiff to recover.  We review the trial court's ruling on a defendant's section 2-619 motion 
de
 
novo
.  
Henrich v. Libertyville High School
, 186 Ill. 2d 381, 386, 712 N.E.2d 298, 301 (1998). 

B. Immunity Under the Act 

The Artemans argue that the trial court erred by dismissing their complaint with prejudice.  Specifically, they contend that neither section 3-108(a) nor section 2-201 of the Act provides the School District with immunity. 

1. 
Section
 
3-108(a)
 
Immunity

The Artemans contend that section 3-108(a) of the Act does not bar their claims against the School District because (1) that section is specifically limited to situations in which a failure to supervise an activity on or use of public property results in injury (see 745 ILCS 10/3-108(a) (West 1996)); and (2) they are not alleging that the School District failed to super

vise Jeremy's physical education class but instead are alleging that the School District failed to provide appropriate equipment. 

We agree that the trial court erred by determining that the School District was immune from liability pursuant to section 3-108(a) of the Act.  In making that determination, the court relied upon 
Johnson v. Decatur Park District
, 301 Ill. App. 3d 798, 808, 704 N.E.2d 416, 423 (1998).  
In that case, the plain

tiffs alleged that during tumbling maneuvers, the park district failed to (1) provide a safety harness or belt, (2) warn of the dangers associated with using a minitrampoline and mats, (3) provide adequate spotters, (4) warn and instruct participants concerning the dangers associated with using a minitrampoline and mats and of the known serious risk of severe spinal cord injury, (5) properly position the mats to prevent gaps, and (6) provide a safe coach.  This court held that the gist of those allegations was that the park district, through its employee coach, failed to adequately supervise activities on the minitrampoline and failed to warn of the dangers of spinal cord injury attendant to use of the minitrampoline.  
Johnson
, 301 Ill. App. 3d at 807-08, 704 N.E.2d at 423.  In this case, however, the gist of the allega

tions set forth in the complaint is not a failure to supervise an activity.  Instead, the gist of the Artemans' complaint is that the School District failed to provide appropriate equipment.  

2. 
Section
 
2-201
 
Immunity

The Artemans also contend that section 2-201 of the Act  (745 ILCS 10/2-201 (West 1996)) does not bar their claims against the School District.  Specifically, they contend that section 2-

201 does not abrogate a school district's affirmative duty to provide safety equipment, which was expressly recognized in 
Gerrity v. Beatty
, 71 Ill. 2d 47, 52-53, 373 N.E.2d 1323, 1325 (1978).  We agree.  

Sections 2-109 and 2-201 of the Act grant immunity to public entities for the performance of discretionary functions.  Section 2-109 provides that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."  745 ILCS 10/2-109 (West 1996).  Section 2-201 provides as follows:

"Except as otherwise provided by [s]tatute, a public employee serving in a position involving the determination of pol

icy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."  745 ILCS 10/2-201 (West 1996). 

That section affords immunity to a public employee only if his alleged wrongful act or omission was both a determination of policy and an exercise of discretion.  
Harinek v. 161 North Clark Street Ltd. Partnership
, 181 Ill. 2d 335, 341, 692 N.E.2d 1177, 1181 (1998).  Because the Act does not define the terms "policy" and "discretion," courts have employed common-law definitions in interpreting section 2-201 of the Act.  See 
Snyder v. Curran Township
, 167 Ill. 2d 466, 473, 657 N.E.2d 988, 992 (1995).  A determination of policy is one that requires (1) balancing of competing interests and (2) making judgments as to what solution will best serve those interests.  
West v. Kirkham
, 147 Ill. 2d 1, 11, 588 N.E.2d 1104, 1109 (1992).

In 
Harinek
, for example, the plaintiff alleged that during a fire drill, a city fire marshal negligently directed her to stand near a heavy door without warning her of the possibility of injury.  As a result, the plaintiff alleged, she was hit and injured by the door during the fire drill.  
Harinek
, 181 Ill. 2d at 338, 692 N.E.2d at 1179.  The supreme court ruled that the fire marshal's decisions about where individuals should be placed and what warnings should be given were made through a balancing of "various interests which may compete for the time and re

sources of the [fire] department, including the interests of efficiency and safety."  
Harinek
, 181 Ill. 2d at 342, 692 N.E.2d at 1182.  The supreme court therefore concluded that the public employee made a determination of policy within the meaning of section 2-201 of the Act.  
Harinek
, 181 Ill. 2d at 343, 692 N.E.2d at 1182; see also 
Johnson
, 301 Ill. App. 3d at 809, 704 N.E.2d at 424 (in which this court concluded that a park district coach's decisions regarding what equipment and safety precautions were needed during tumbling maneuvers qualified "as the making of policy under the 
Harinek
 test").  

Similarly, the School District's decision regarding the provision of roller blading equipment during a physical education class, including the type of roller blades to be used, involves a determination of policy within the meaning of section 2-201 of the Act.  The School District must consider a variety of factors, including (1) the cost and availability of various types of roller blading equipment; (2) the number of students who may choose to participate in the activity; and (3) the students' varying skill levels.  The School District must then balance those interests against its resources and reach a decision that accomplishes seemingly incompatible objectives--student safety and cost effectiveness.  This is a complex decision-making process that requires the balancing of competing interests and the making of a judgment that will satisfy those interests most efficiently. 

We further conclude that the School District's decision regarding the provision of roller blading equipment was an exercise of discretion within the meaning of section 2-201 of the Act (745 ILCS 10/2-201 (West 1996)).  

"[D]iscretionary acts are those which are unique to a particular public office, while ministerial acts are those which a person performs on a given state of facts in a pre

scribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act."  
Snyder
, 167 Ill. 2d at 474, 657 N.E.2d at 993.   

Put another way, the making of a decision about whether or how to perform an act is generally discretionary, whereas the actual mechanical performance of the act is ministerial.  See 
D.M. v. National School Bus Service, Inc.
, 305 Ill. App. 3d 735, 739, 713 N.E.2d 196, 200 (1999) (although the school was statutorily mandated to provide transportation to certain students, the school's ultimate decision regarding how to provide such trans

portation was an exercise of discretion).  

Because the School District's decision regarding the provision of roller blading equipment for a physical education class was both a determination of policy and an exercise of discretion, we conclude that section 2-201 of the Act--standing alone--would provide immunity to the School District in this case (745 ILCS 10/2-201 (West 1996)).  However, as the Artemans correctly point out, in 
Gerrity
, 71 Ill. 2d at 52, 373 N.E.2d at 1325, the supreme court expressly recognized a school district's affirmative duty to provide safety equipment that is necessary to protect students from serious injury during school athletic activities.  In that case, a high school student who was severely injured during a school football game sued the school district, alleging that it had provided him with a defective football helmet.  The school district responded that it was immune from liability pursuant to provisions of the School Code that shield a school teacher from liability for negligent acts undertaken during supervision or discipline of students.  
Gerrity
, 71 Ill. 2d at 48-50, 373 N.E.2d at 1324-25.

The 
Gerrity
 court rejected the school district's argument, reasoning that a school district cannot vicariously claim the immunity of a school teacher where it is alleged that the school district itself has an independent duty to provide adequate equipment to students.  The court further explained that the "public policy considerations in authorizing, and indeed encouraging, teachers to have broad discretion and latitude in the former situation quite clearly do not apply" where the issue is the school district's duty to furnish adequate safety equip

ment to students.  
Gerrity
, 71 Ill. 2d at 52, 373 N.E.2d at 1326.  The court also observed that "public policy considerations argue rather strongly against any interpretation which would relax a school district's obligation to insure that equipment provided for students in connection with activities of this type is fit for the purpose."  
Gerrity
, 71 Ill. 2d at 52, 373 N.E.2d at 1326.  "To hold school districts to the duty of ordinary care in such matters would not be unduly burdensome, nor does it appear to us to be inconsistent with the intended purposes of *** the School Code [regarding immunity of teachers for supervision or disci

pline of students]."  
Gerrity
, 71 Ill. 2d at 52-53, 373 N.E.2d at 1326.  

The supreme court also recognized a school district's duty to furnish proper safety equipment to students in 
Lynch v. Board of Education of Collinsville Community Unit District No. 10
, 82 Ill. 2d 415, 412 N.E.2d 447 (1980).  In that case, stu

dents had engaged in a football game on school property without the express approval of the school principal.  However, the school administration was aware that the game was planned and that several teachers were coaching students for the game.  Based on this evidence, the court concluded that the school district was negligent for its failure to provide safety equipment for students' use during the football game.  
Lynch
, 82 Ill. 2d at 434-35, 412 N.E.2d at 459-60.  Thus, the school district could be held liable for head injuries sustained by a student who was not wearing a helmet when she was tackled by another player.  
Lynch
, 82 Ill. 2d at 434-35, 412 N.E.2d at 459-60.  In so concluding, the court wrote:

"[A] school district has an affirmative duty, where students are engaging in school activi

ties, whether they are extracurricular, or formally authorized as part of the school program, to furnish equipment to prevent serious injuries.  At the least, a school district should furnish helmets and face guards for a game such as football, where head injuries are common and severe."  
Lynch
, 82 Ill. 2d at 434-35, 412 N.E.2d at 459. 

In 
Palmer v. Mt. Vernon Township High School District 201
, 169 Ill. 2d 551, 560, 662 N.E.2d 1260, 1264 (1996), the supreme court reaffirmed a school district's duty to exercise ordinary care:

"The school district had an obligation to provide to all students *** the safety equipment that was reasonably necessary in order to protect players from reasonably foreseeable, serious bodily injury."  

If it were not for 
Gerrity
 and its progeny, section 2-

201 of the Act would provide the School District with immunity for both negligent and willful and wanton misconduct.  However,  in 
Gerrity
, and again in 
Lynch
 and 
Palmer
, the supreme court has recognized a cause of action for a school district's failure to fulfill its independent duty to provide appropriate safety equipment to students.  We recognize that 
Gerrity
, 
Lynch
, and 
Palmer
 addressed the immunity and duties of school districts under the School Code.  However, the policy considerations stated in 
Gerrity
 are as applicable to the Act as they were to the School Code.  As earlier discussed, the 
Gerrity
 court noted that (1) public policy considerations "argue rather strongly" against relaxing a school district's obligation to provide appropriate safety equipment, and (2) to hold a school district to the duty of ordinary care would not be unreasonably burden

some or inconsistent with the School Code.  
Gerrity
, 71 Ill. 2d at 52-53, 373 N.E.2d at 1326.  Moreover, holding that immunity is available under the Act would effectively immunize school districts from the liability that the supreme court recognized in 
Gerrity
 and its progeny. 

One of the perplexing aspects of this case is that section 2-201 of the Act was in existence when the supreme court reached its decisions in 
Gerrity
, 
Lynch
, and 
Palmer
 (see 1965 Ill. Laws 2983, 2985-86 (§2-201)), yet, the court did not ad

dress section 2-201 in any of those cases.  (In 
Lynch
, 82 Ill. 2d at 423-24, 412 N.E.2d at 454, the supreme court noted that because the parties had not raised the applicability of the Act, the court would not address that issue.)  The supreme court's reticence to address a school district's independent duty to provide appropriate safety equipment to students under section 2-201 presents this court with a conundrum:  how to reconcile a school district's duty with the immunity provided by section 2-201.  

In light of the above considerations, we reverse the trial court's dismissal of 
the Artemans' complaint and remand in the hope that the supreme court, in this case or some other, will address the immunities and duties of school districts under the Act.        

III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

Reversed and remanded.

McCULLOUGH and KNECHT, JJ., concur.